IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TNT CRANE & RIGGING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-496-SLP |
| ) | |
| TOTAL DEMOLITION SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

The record reflects that on June 27, 2023, Defendant filed its Answer [Doc. No. 9]. Thereafter, on July 11, 2023, Defendant filed a document headed "Counterclaim" [Doc. No. 15]. A counterclaim is not a stand-alone pleading, but must be stated within a pleading enumerated under Fed. R. Civ. P. 7(a). *See, e.g., Crete Carrier Corp. v. Sullivan & Sons, Inc.*, No. CV-ELH-21-328, 2022 WL 313865 at *6 (D. Md. Feb. 1, 2022); *Meierhenry Sargent, LLP v. Williams*, No. CIV-16-4180, 2019 WL 2105986 at *4 (D.S.D. May 14, 2019) (accord, collecting cases); *KAABOOWorks Servs., LLC v. Pilsl*, No. 17-cv-02530-CMA-KLM, 2019 WL 1979927 at *4 (D. Colo. May 3, 2019) ("[A] 'counterclaim'] is not listed in Rule 7(a); thus, because 'only' the listed pleadings are allowed, a party may not file a counterclaim by itself as its own pleading."). Accordingly, the Clerk of Court is directed to STRIKE the Counterclaim. If Defendant intends to pursue a counterclaim, it must seek leave to amend its Answer.

IT IS SO ORDERED this 27th day of July, 2023.

                                                                            *[signature]*

                                                                           SCOTT L. PALK  
                                                                           UNITED STATES DISTRICT JUDGE